OPINION OF THE COURT
Richard F. Kuhnen, J.
In this suit against defendant John Morse, a professional engineer, for alleged malpractice in failing to adequately oversee the construction by the codefendant contractor of plaintiff’s residence, defendant Morse moves to dismiss the complaint pursuant to CPLR 3211 (subd [a]). The grounds of the motion are that (1) the action is barred by the Statute of Limitations and (2) jurisdiction of the defendant has not been obtained by proper service.
Defendant Morse had an office in the Village of Cooperstown, Otsego County, New York, in May of 1976 when plaintiff retained him to supervise the construction of his house. The house was completed and plaintiff moved into it in December of 1976.
A bill of services was sent to plaintiff by defendant Morse on April 6, 1977. Upon receipt of it, plaintiff telephoned him, mentioned that the roof leaked, and requested a final inspection before paying the bill. To date the inspection has not been made and the bill is unpaid. More problems developed and plaintiff retained an attorney. Evidently nothing was accomplished to adjust the matter and, after 14 months, plaintiff retained his present counsel to institute suit. A complaint was verified on April 25, 1979, but difficulty was encountered in locating defendant Morse who had left Cooperstown more than a year previously, leaving no forwarding address. After unsuccessful efforts to locate him in Connecticut where he had formerly lived, it was discovered through the Oklahoma Department of Motor Vehicles that he had been issued a driver’s license showing a residence at 8707 S. 68E. Avenue, Tulsa, Oklahoma. The summons and complaint *818 were then forwarded to the Sheriff of Tulsa County, Oklahoma, and service was effected there upon defendant Morse’s wife on February 19, 1980.
The defendant Morse was subject to personal jurisdiction in this State even though no longer a resident (CPLR 302). The cause of action accrued in this State and he was a resident and engaged in business here when it accrued. He could have been served in Oklahoma "in the same manner as service is made within the state” (CPLR 313). Service upon his wife was sufficient if made "at the actual place of business, dwelling place or usual place of abode of the person to be served and by mailing the summons to the person to be served at his last known residence” (CPLR 308, subd 2). However, his wife, by affidavit, claims that at the time she was served, her husband had already moved to California and was employed there. Admittedly, no copy of the summons was mailed to him.
The service was clearly defective and the motion to dismiss on that ground must be granted.
Nor was the Statute of Limitations tolled by defendant’s absence from the State. The availability of an authorized method of service without the State prevents the tolling (CPLR 207, subd 3). The difficulty of effecting such service is no consideration (Yarusso v Arbotowicz, 41 NY2d 516).
Counsel for plaintiff has cross-moved for an order granting "ex post facto authorization of substituted service on the Defendant John Morse” or in the alternative, "for an Order declaring that the statute of limitations for the Plaintiff’s cause of action has not expired, and authorizing substituted service” on his attorneys.
It is the court’s opinion that the Statute of Limitations has run on plaintiff’s cause of action against defendant Morse. In view of that, there is no point in passing upon counsel’s request for an order allowing substituted service upon defendant Morse’s attorneys, who are in any event not authorized to accept service for him. Nor does the court feel that it has the power to validate the service upon defendant Morse by service upon his wife, nunc pro tune.
The motion to dismiss is granted and the cross motion denied.